**Electronically Filed**
**Intermediate Court of Appeals**
**28977**
**28-FEB-2011**
**08:32 AM**

NO. 28977

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


BONNIE MACLEOD KAKINAMI, Plaintiff-Appellee, v.
AARON K.H. KAKINAMI, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(FC-D NO. 06-1-0040)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Aaron K.H. Kakinami (**Aaron**) appeals herein from (1) the September 27, 2007 order of the Family Court of the Fifth Circuit (**Family Court**) granting Plaintiff-Appellee Bonnie Macleod Kakinami's (**Bonnie**) Motion to Bifurcate Divorce (**Bifurcation Order**), and (2) the October 1, 2007 Decree Granting Absolute Divorce (**Divorce Decree**) dissolving the parties' marriage.[1] Appearing *pro se* on appeal, Aaron maintains that the Family Court erred in bifurcating the dissolution and property division stages of the divorce proceeding.

As a preliminary matter, we reject the contention that this appeal should be dismissed for lack of appellate jurisdiction. The October 1, 2007 Divorce Decree, which was entered pursuant to and in conjunction with the Bifurcation Order, was final and appealable because it finally determined

---

[1] The Honorable Calvin K. Murashige presided.

Bonnie's right to a dissolution of the parties' marriage. <u>See</u> <u>Eaton v. Eaton</u>, 7 Haw. App. 111, 118, 748 P.2d 801, 805 (1987). "An appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." <u>Ueoka v. Szymanski</u>, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted); <u>see</u> <u>also</u> Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 3(c)(2); <u>City & County of Honolulu v. Midkiff</u>, 57 Haw. 273, 275, 554 P.2d 233, 235 (1976). Thus, the Bifurcation Order may be reviewed in conjunction with a timely notice of appeal from the October 1, 2007 Divorce Decree. On October 8, 2007, Aaron timely filed a tolling motion, which was never ruled on by the Family Court and, therefore, was deemed denied pursuant to HRAP Rule 4(a)(3). Aaron timely filed his January 25, 2008 notice of appeal within thirty days after the deemed denial of his motion.

On appeal, Aaron's core contention is that the Family Court erred in bifurcating the divorce proceedings. Although he also challenges numerous findings of fact, most are unrelated to his arguments on appeal.[2/] To the extent they are not implicit in his bifurcation argument, we deem them waived. HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we conclude that the Family Court did not abuse its discretion in bifurcating the proceeding and issuing the bifurcated divorce decree.

---

[2/] Aaron largely fails to address these points and requests no remedy for them. Moreover, as they pertain to inconsequential details and minor alleged inaccuracies, no effective remedy is available. <u>See</u> <u>In re Doe</u>, 102 Hawai'i 75, 79, incl. n.8, 73 P.3d 29, 33, incl. n.8 (2003) (noting that appellants' points were moot when they sought no other remedy than "pronouncement that the family court erred."); <u>accord</u> <u>Lathrop v. Sakatani</u>, 111 Hawai'i 307, 313, 141 P.3d 480, 486 (2006).

By statute, the Family Court may enter a dissolution decree and reserve jurisdiction over ancillary issues, including property distribution. HRS § 580-47(a) provides, in pertinent part:

> Upon granting a divorce, or thereafter if, in addition to the powers granted in subsections (c) and (d), jurisdiction of those matters is reserved under the decree by agreement of both parties or by order of court after finding that good cause exists, the court may make any further orders as shall appear just and equitable . . . (3) finally dividing and distributing the estate of the parties, real, personal, or mixed, whether community, joint, or separate.

The Family Court may bifurcate dissolution and final property distribution upon agreement of the parties or a finding of good cause. Id.; see also Magoon v. Magoon, 70 Haw. 605, 609, 612-14, 780 P.2d 80, 82, 84-85 (1989) (recognizing that this statute authorizes court to enter divorce decree and reserve final property distribution).

Aaron argues that the Family Court must also find that "exceptionally compelling circumstances" justify bifurcation. He derives this standard from Eaton, 7 Haw. App. at 118, 748 P.2d at 805. In that case, we recognized that a divorce case is comprised of four distinct parts: (1) dissolution; (2) child custody issues; (3) spousal support; and (4) property distribution. Id. We further stated:

> Although we *recommend* that, except in exceptionally compelling circumstances, all parts [of a divorce case] be decided simultaneously and that part (1) not be finally decided prior to a decision on all the other parts, we conclude that an order which finally decides part (1) is final and appealable when decided even if parts (2), (3), and (4) remain undecided.

Id. (emphasis added). In a footnote, we emphasized that in light of the one-year deadline for resolving property distribution, our recommendation applies especially to part (4). Id. at n.8, 748 P.2d at 805 n.8. However, Eaton evinces a recommendation and not a new standard. It does not expressly or implicitly modify the "good cause" requirement established by statute. Aaron has not

3

cited, and we have not found, any cases adopting the "exceptionally compelling circumstances" language as a new standard, separate from the good cause requirement. We therefore conclude that the Family Court did not err in failing to find exceptionally compelling circumstances.

Aaron also argues that the Family Court erred in failing to hold an evidentiary hearing on bifurcation and to specifically identify on the record the advantages and disadvantages of bifurcation. He roots this argument in case law of other jurisdictions. However, those cases are distinguishable as they involve different statutory requirements and policy considerations. Hawai'i law does not require an on-the-record analysis of specific factors nor a separate evidentiary hearing. HRS § 580-47. The applicable statute requires only a finding of good cause. Id. It is not the role of this court to alter a statutory requirement in order to effect policy considerations that are vested in the legislature. See TMJ Hawaii, Inc. v. Nippon Trust Bank, 113 Hawai'i 373, 384 n.6, 153 P.3d 444, 455 n.6 (2007). Aaron's reliance on inapposite case law of other jurisdictions is unavailing.

Aaron argues that it was error to order bifurcation because the Family Court failed to take into account the expense of separate medical coverage. Yet at the bifurcation hearing, the court fully considered Aaron's arguments regarding the increased expense and hardship of obtaining his own medical insurance. The court specifically found that Aaron could afford his own coverage. It concluded that as cessation of medical coverage is an inevitable fact of divorce, Aaron's argument was insufficient to outweigh the issues favoring bifurcation.

Aaron also argues that the court failed to consider the hardship imposed by the one-year time limit for resolving

4

property distribution.[3/]   He did not raise this argument below, and instead objected to the "predictable dilatory effect on the parties' efforts to finalize the property distribution."  As a result, we need not consider his argument on appeal.  State v. Moses, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003) ("[I]f a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal.").  In any event, the court's central reason for granting bifurcation was that numerous delays had already drawn out the case for over a year and a half. The Family Court found that discovery disputes had left Bonnie emotionally drained, and noted that bifurcation would render further delays more tolerable.  There is ample support in the record for the Family Court's finding that the delays warranted bifurcation.

Finally, Aaron contends that the court failed to consider and make adequate provision for protection of the marital estate.  In the court below, he expressed concern that Bonnie's "true pretrial objective[]" was to obscure and dissipate marital assets.  Nonetheless, he insisted that if the Family Court granted bifurcation, it should reserve final property distribution and should "not make any rulings or orders with regard to the parties' personal or real property . . . pending completion of discovery and the trial of the merits on each such claim."  The court largely granted that request.  The divorce decree protected Aaron's interests:  it placed Bonnie's share of the marital residence in escrow pending final property distribution and retained jurisdiction to enter injunctive relief enjoining any improper dissipation of the marital estate.

---

[3/]     He also repeatedly challenges the Family Court's calculation of the one-year time limit for final property distribution.  However, he asserts no argument as to how this affects the validity of the bifurcated divorce decree, and he requests no remedy for the alleged error.  We therefore deem this point waived.  See HRAP Rule 28(b)(7).

After fully considering the parties' evidence and arguments, the Family Court found good cause to bifurcate the proceeding. It specifically found that bifurcation did not prejudice Aaron. These findings are supported by the record. We conclude that the Family Court did not abuse its discretion in bifurcating the issues in this case and entering the October 1, 2007 Divorce Decree.

For these reasons, the Family Court's October 1, 2007 Divorce Decree is affirmed.

DATED: Honolulu, Hawai'i, February 28, 2011.

On the briefs:

Aaron K.H. Kakinami
Pro Se Defendant-Appellant

Robert M. Harris
Marianita Lopez
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge